**Electronically Filed**
**Intermediate Court of Appeals**
**CAAP-11-0000010**
**31-AUG-2011**
**09:10 AM**

NO. CAAP-11-0000010


IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAIʻI


IN THE INTEREST OF L.T.


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-S No. 08-11683)


SUMMARY DISPOSITION ORDER
(By:  Nakamura, Chief Judge, Foley and Leonard, JJ.)

Appellant-Mother (**Mother**) appeals from the Order Terminating Parental Rights, filed on January 6, 2011 in the Family Court of the First Circuit (**Family Court**).[1]

On appeal, Mother challenges Findings of Fact Nos. 53, 57, 58, 59, 63, 64, 65, 66, 68, 69, 70, 73, 75, 100, 101, 102, 109, 110, 111, 112, 117, 118, 119, 120, 122, and 124 and Conclusions of Law Nos. 10, 11, 12, and 13.  Although Mother challenges specific Findings of Fact and Conclusions of Law, she does not provide individual arguments as to each challenged Findings of Fact and Conclusions of Law.  Instead, Mother "objects to the Findings of Facts and Conclusions of Law on the grounds that she is willing and able to provide a safe family home for her child, with the assistance of a service plan and is able to provide a safe family home, with the assistance of a service plan, in the reasonable foreseeable future." "Mother

---

[1]    The Honorable Bode A. Uale presided.

further contends that she has engaged in court ordered services which were designed to help her provide a safe family home for her child, and therefore the trial court was in error by finding by clear and convincing evidence that she could not provide a safe family home for her child, even with the assistance of a service plan, within a reasonable amount of time."

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's points of error as follows:

Contrary to Mother's claim, there was clear and convincing evidence that Mother was not presently willing and able to provide her child, L.T., with a safe family home, even with the assistance of a service plan and that it was not reasonably foreseeable that Mother would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time, which shall not exceed two years from L.T.'s entry into foster care.

L.T. first entered foster care on January 31, 2008 due to Mother testing positive for amphetamines, methamphetamine, and marijuana. At the time, Mother acknowledged that she used illegal drugs because it was a "long weekend." However, during the permanent custody hearing nearly three years later, Mother denied ever testing positive for drugs, including the test which caused DHS to initiate this case. Although Mother self-reported that she was clean and sober since 2009, Mother missed multiple drug testing dates from 2009 to 2010, which she knew would be presumed by DHS to be a positive drug test result. Despite Mother's claim that she participated in AA/NA meetings from one to three times a week, Mother did not know which of the twelve step programs she was at and could not name any of the twelve treatment steps. After nearly three years, Mother had not completed substance abuse treatment and Mother did not learn from

2

the services that she participated in. Therefore, there was clear and convincing evidence that Mother was not presently willing and able to provide a safe family home, even with the assistance of a service plan, due to her inability to address her substance abuse problem.

Mother did complete parenting and domestic violence classes. However, Mother was also required to participate in individual therapy. Mother's therapist concluded that Mother would need to strengthen her support network, express new coping skills and utilize them on a regular basis, and demonstrate she has the ability to care for her son before being clinically discharged. Mother's anticipated clinical discharge from individual therapy was unknown nearly three years after L.T. first entered foster custody and one year from the date which Mother started individual therapy.

Mother admitted that DHS intervened on three previous occasions involving four other children. All four of the other children are no longer in her care and custody. The prior interventions in 1999, 2002, and 2007 were due to Mother's drug abuse. This case was initiated due to Mother's drug abuse. Mother's history of substance abuse and present case show that Mother is unable or unwilling to address her substance abuse problem. Therefore, there was clear and convincing evidence that it was not reasonably foreseeable that Mother would become willing and able to provide a safe family home, even with the assistance of a service plan, within a reasonable period of time.

Therefore, the Order Terminating Parental Rights, filed on January 6, 2011 in the Family Court of the First Circuit is affirmed.

DATED:   Honolulu, Hawai'i, August 31, 2011.

On the briefs:

Randal I. Shintani
for Mother-Appellant

Kristl K. Ishikane
Mary Anne Magnier
Deputy Attorneys General
for Petitioner-Appellee

Chief Judge

Associate Judge

Associate Judge

4